UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA OWENS,

    Plaintiff,

v.                                                            Case No. 10-13428

CHARLES RILEY, CHARLES                    HON. AVERN COHN
RILEY & ASSOCIATES, and
GREENFIELD SUPERMARKET,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION - DOC. 9**
**AND**
**DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - DOC. 12**
**AND**
**GRANTING DEFENDANT GREENFIELD MARKET'S MOTION FOR SUMMARY JUDGMENT - DOC. 16**
**AND**
**DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – DOC. 22**
**AND**
**DISMISSING CASE**[1]

I. Introduction

This is a case under the Fair Debt Collection Practices Act (FDCPA),15 U.S.C. § 1692k with pendent state law claims. Plaintiff Melissa Owens is proceeding pro se and without payment of the filing fee. Plaintiff is suing defendants Charles Riley, Charles Riley and Associates (collectively, "Riley"),[2] and Greenfield Supermarket ("Greenfield").

---

[1]The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Neither Charles Riley nor Charles Riley & Associates have been served. The docket shows that on September 29, 2010 a waiver of service was returned, unexecuted, on Charles Riley and Riley and Associates. The complaint was filed on

She essentially claims that Riley, a collection agency hired by Greenfield to collect on a an allegedly bad check, has harassed her. She brings claims under the FDCPA and state law against Riley. She also brings state law claims against Greenfield for defamation, libel and slander, and conspiracy to commit extortion.

Before the Court are several dispositive motions, as follows:

Plaintiff's Motion to Dismiss Defendant's Motion - Doc. 9
Plaintiff's Motion for Partial Summary Judgment - Doc. 12
Defendant Greenfield's Motion for Summary Judgment - Doc. 16
Plaintiff's Motion for Partial Summary Judgment – Doc. 22

For the reasons that follow, plaintiff's motions will be denied and defendant's motion will be granted. This case will also be dismissed.

## II.  Background

In late 2006 or early 2007, plaintiff says that Greenfield accused her of essentially cashing a bad check which was issued by her employer. Plaintiff denies having tried to cash the check. Later in 2007, Greenfield hired Riley to collect on the debt. In mid-2007, Riley began collection efforts which plaintiff says were harassing. According to plaintiff, her employer later issued a replacement check, believing the first check was lost or stolen.

On August 27, 2010, plaintiff filed a complaint against Riley and Greenfield, asserting the following claims:

| | |
|---|---|
| Count I | Violation of the FDCPA (against Riley) |
| Count II | Violation of Michigan Occupational Code (against Riley) |
| Count III | Violation of Michigan Debt Collection Practices Act (against Riley) |

---

August 27, 2010. Thus, the 120 days in which to serve the complaint has passed. Plaintiff has not requested additional time in which to effect service.

      Count IV      Defamation (against Greenfield)
      Count V       Libel and Slander (against Greenfield)
      Count VI      Conspiracy to Commit Extortion (against Greenfield)

Thereafter, plaintiff and Greenfield filed dispositive motions as noted above.

### III. Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see Anderson, 477 U.S. at 249–50.

### IV. Plaintiff's Motion to Dismiss Defendant's Motion

In this motion, filed October 15, 2010, plaintiff moves to dismiss "Greenfield Market's Motion and Defenses." As Greenfield points out, however, it had not filed any motions at the time plaintiff filed this motion. Rather, Greenfield had filed only its

answer and affirmative defenses. There is no basis for dismissing Greenfield's answer and affirmative defenses. As such, this motion must be denied.

V. Plaintiff's Motion for Partial Summary Judgment

In this motion, filed October 26, 2010, plaintiff says that she is entitled to summary judgment on all of her claims against Greenfield (counts IV, V, and VI) because Greenfield did not report plaintiff to the police. Plaintiff argues that this failure amounts to an admission of liability. Plaintiff is mistaken.

"The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." Mitan v. Campbell, 474 Mich. 21, 24 (2005). In cases involving defamation per se, damages need not be proven because injury is presumed. Burden v. Elias Bros Big Boy Restaurants, 240 Mich. App 723, 727-728; 613 NW2d 378 (2000). M.C.L. § 600.2911(1) designates only two types of defamation in which the plaintiff need not prove damages: "[w]ords imputing a lack of chastity," and "words imputing the commission of a criminal offense." M.C.L § 600.2911(1); Burden, 240 Mich. App at 728-29.

Here, Greenfield reported the bad check to a collection agency. This was not an accusation that plaintiff was a "thief" or "committed a felony" as alleged in the complaint. Further, the fact that Greenfield did not report the bad check to the police does is immaterial. Reporting a bad check and turning the matter over to a collection agency does not amount to defamation. Finally, as explained below, this claim is time barred.

4

With respect to the conspiracy claim, plaintiff says that Greenfield committed extortion by threatening to hire a collection agency if she did not pay the money back. Plaintiff does not explain, or provide any authority for the proposition, that a failure to call the police amounts to a conspiracy to extort.

In short, the fact that Greenfield did not call the police or otherwise report the allegedly bad check is not grounds for plaintiff obtaining summary judgment on her claims.

### VI.  Defendant's Motion for Summary Judgment and Plaintiff's Second Motion for Summary Judgment

Greenfield moves for summary judgment on all of plaintiff's claims against it on the grounds that (1) the defamation and libel claims are time barred and (2) plaintiff's conspiracy to commit extortion claim fails as a matter of law.  In lieu of a response, plaintiff filed a second motion for summary judgment, contending that the statute of limitations was tolled and her claims are otherwise viable.

Greenfield is correct that plaintiff's defamation and libel claims are time barred. The statute of limitations for state defamation or libel suits is one year.  M.C.L. § 600.5805(8).  Plaintiff alleges that the defamatory remarks took place "sometime in 2006, early 2007."  Compl. at ¶ 8-9.  Plaintiff did not file a complaint until 2010, well beyond one year later.

Plaintiff argues that her claim is not time barred because she did not discover the alleged defamatory remarks until November of 2010 when her credit report showed the collection effort.  This argument fails.  It is clear that "[t]he statute of limitations is one year from the time of publication even though the person defamed has no knowledge

5

thereof until sometime afterwards." Townsend v. Hazelroth, 875 F. Supp. 1293, 1299 (E.D. Mich. 1995)(citing Hawkins v. Justin, 109 Mich. App. 743 (1981)).  Therefore, plaintiff's claims for defamation and libel based on the statements made in 2006 or 2007 are barred by the statute of limitations.

As to plaintiff's claim for conspiracy to commit extortion, the elements of extortion therefore are (1) a communication, (2) threatening future injury to the person or property or family of another, and (3) with the intent either to obtain money or some monetary advantage or to compel the person to do or not to do some act, against his or her will. M.C.L. § 750.213; People v. Fobb, 145 Mich. App. 786, 790 (1985).  Moreover, a conspiracy requires an agreement between two or more persons.  See Cousineau v. Ford Motor Co., 140 Mich. App. 19, 36-37 (1985).  Here, plaintiff says Greenfield engaged in extortion.

Putting aside that plaintiff does not allege who engaged in the conspiracy with Greenfield, she does not allege she was threatened with physical injury or compelled to do an act against her will.  The allegation that Greenfield threatened to turn her debt over to a collection agency falls outside of extortion.  See Various Markets, Inc. v. Chase Manhattan Bank, N.A., 908 F. Supp. 459, 468 (E.D. Mich. 1995) (allegation that defendant threatened to sue if funds owing were not paid did not amount to an extortion claim as a matter of law).

## VII.  Conclusion

For the reasons stated above, Plaintiff's Motion to Dismiss Defendant's Motion (Doc. 9) is DENIED.  Plaintiff's Motion for Partial Summary Judgment (Doc. 12) is DENIED.  Greenfield's Motion for Summary Judgment(Doc. 16) is GRANTED and

Plaintiff's Motion for Partial Summary Judgment (Doc. 22) is DENIED.

Because the remaining defendants, Charles Riley and Charles Riley & Associates, have not been served and the time for service has expired, see n.1, supra, plaintiff's claims against them are DISMISSED.  See Fed. R. Civ. P. 4(m), E.D. Mich. LR. 41.2.

Accordingly, this case is DISMISSED.

SO ORDERED.


Dated:  March 10, 2011         S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Melissa Owens 28044 Fortson Lane, Inkster, MI 48141 and the attorneys of record on this date, March 10, 2011, by electronic and/or ordinary mail.

                               S/Julie Owens
                               Case Manager, (313) 234-5160