UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA OWENS,

    Plaintiff,

v.                                                                                           Case No. 10-13428

CHARLES RILEY, CHARLES                                            HON. AVERN COHN
RILEY & ASSOCIATES, and
GREENFIELD SUPERMARKET,

    Defendants.
_____/

## MEMORANDUM ON REMAND REGARDING SERVICE

### I. Introduction

This is a case under the Fair Debt Collection Practices Act (FDCPA),15 U.S.C. § 1692k with pendent state law claims.  Plaintiff Melissa Owens, proceeding pro se and without payment of the filing fee, sued defendants Charles Riley, Charles Riley & Associates and Greenfield Supermarket ("Greenfield").  She essentially claimed that Charles Riley, and his company, Charles Riley & Associates, a collection agency hired by Greenfield to collect on a an allegedly bad check, harassed her.

As will be explained, the case is on remand from the Court of Appeals for the Sixth Circuit for a determination of whether plaintiff had good cause for a failure to timely serve Charles Riley and Charles Riley & Associates.  For the reasons that follow, the Court finds plaintiff has failed to establish good cause.  As such, the dismissal stands.

II.  Background

Following the filing of the complaint, plaintiff and Greenfield filed dispositive motions.  On March 10, 2011, the Court denied plaintiff's motions and granted Greenfield's motion.  Doc. 25.  In the order dismissing the case, the Court said the following as to Charles Riley and Charles Riley & Associates:

> Neither Charles Riley nor Charles Riley & Associates have been served.  The docket shows that on September 29, 2010 a waiver of service was returned, unexecuted, on Charles Riley and Riley and Associates.  The complaint was filed on August 27, 2010.  Thus, the 120 days in which to serve the complaint has passed.  Plaintiff has not requested additional time in which to effect service.

Doc. 25 at p. 1, n.1.  Accordingly, the Court dismissed Charles Riley and Charles Riley & Associates for failure to timely effect service.

Plaintiff appealed.  The Sixth Circuit affirmed the dismissal of Greenfield but vacated and remanded for further proceedings as to Charles Riley and Charles Riley & Associates.  Owens v. Riley, et al., 11-1392 (6th Cir. Jan. 6, 2012).  The Sixth Circuit remanded so that the Court "determine on the record whether Owens had good cause for failing to timely serve these defendants and extend the time for her to do so if she demonstrates that she has shown good cause."  Id. at p. 6.

On remand, the Court directed plaintiff to show cause in writing "explaining her efforts to serve Charles Riley and Charles Riley & Associates so the Court can determine whether plaintiff had good cause for not timely serving them and whether an extension of time to serve them is appropriate."  (Doc. 33).

Plaintiff has responded to the show cause order.  (Doc. 34).  As will be explained, plaintiff submitted documentation indicating she was aware in May of 2010, before she filed her complaint in this case, that the address for Charles Riley and Charles Riley &

2

Associates she supplied to the U.S. Marshals for service was not good. Under these and other circumstances set forth before, plaintiff has failed to establish good cause.

### III. Legal Standard

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff does not complete service within this time, he or she may show good cause for failure to effect service. Id. Upon a showing of good cause "the court must extend the time for service for an appropriate period." Id.[1]

(internal quotation marks and citation omitted); Wise v. Dep't of Def., 196 F.R.D. 52, 56 (S.D. Ohio 1999) ("[T]his Court concludes that it may, in its discretion, extend the 120-day period for Wise to effect service on the Defendants, pursuant to the first clause of Rule 4(m), even absent a showing of good cause."). Specifically, Rule 4(m) provides that, in the absence of good cause for failure to perfect service, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

### IV. Analysis

---

[1] Even if a plaintiff lacks good cause, it is within the Court's discretion to decide whether to dismiss that plaintiff's suit or extend time to serve. Henderson v. U.S., 517 U.S. 654, 662 (1996) (noting that the current version of Rule 4(m) vests courts with "discretion to enlarge the 120-day period even if there is no good cause shown"). However, the Sixth Circuit's remand order was directed only to a determination of whether plaintiff established good cause. There was no mention of whether the Court should consider a discretionary extension. Be that as it may, the Court does not find a discretionary extension warranted. First, as explained infra, there is a high likelihood that service cannot be had on Charles Riley and Charles Riley & Associates by ordinary means, nor it is likely they are aware of the case. Second, at many of plaintiff's claims against these defendants are time barred, as they were against Greenfield.

A.

The Sixth Circuit has stated:

> The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant. Fed. R. Civ. P. 4(c)(1). . . . In the case of a plaintiff proceeding in forma pauperis, however, the assumption is that, because the plaintiff cannot pay fees and costs, it is likely the plaintiff cannot afford to hire a process server. Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991). For this reason, 28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding in forma pauperis. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants,thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

However, plaintiff, who is relying on the U.S. Marshals for service of process "may not remain silent and do nothing to effectuate such service." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). At a minimum, plaintiff "should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which [they have] knowledge." Id. See also, Harris v. City of Cleveland, 7 F. Appx. 452, 456 (6th Cir. 2001) (affirming dismissal for failure to timely serve when plaintiff waited nearly ten months before attempting to obtain home addresses for defendants from their employer). As at least one court has noted in reference to service of process, "[m]ere ignorance of the rules, or failure to keep track of dates is not good cause for failure to serve a party on time." Scarton v. Charles, 115 F.R.D. 567, 569 (E.D. Mich.1987) (citing Reynolds v. United States, 782 F.2d 837 (9th Cir.1986)). Likewise, another district court

4

in this circuit concluded that a prisoner plaintiff, proceeding in forma pauperis like plaintiff in this case, "... could not sit by in silence when he knew that service had not been executed" and that "[his] silence and inaction do not constitute reasonable cooperation with the Marshal in order to ensure timely service." Vandiver v. Martin, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004).

B.

The record shows the following as to the service of Charles Riley and Charles Riley & Associates. On or about May 14, 2010, plaintiff sent a letter to Charles Riley and Charles Riley & Associates at the following address:

> 2101 E. 12 Mile Road, Suite 217
> Warren, MI 48092

On May 19, 2010, the letter was returned to plaintiff. The envelope is marked "return to sender, not deliverable as addressed, unable to forward." See Exhibit D to plaintiff's response on remand (Doc. 34).

Two months later, on August 27, 2010, plaintiff filed her complaint against Greenfield and Charles Riley and Charles Riley & Associates, (Doc. 1), along with an application to proceed without payment of fees (Doc. 2). Regarding the location of Charles Riley and Charles Riley & Associates, plaintiff stated in her complaint:

> Defendants Charles Riley and Charles Riley & Associates, is a collections corporation doing business in the State of Michigan and whose resident or managing agent, Charles Riley, maintains its office at 2101 E. 12 Mile Road, Suite 217, Warren, MI 48092.

(Doc. 1 at ¶ 4). She also provided this Warren, Michigan address in her list of "parties addresses" in the complaint.

On August 30, 2010, the Court granted plaintiff permission to proceed without

payment of costs and granted service by the U.S. Marshal. (Doc. 3). On August 31, 2010, the U.S. Marshal acknowledged receipt of service of process documents (Doc. 4). A "text only" docket entry reflects that service was unexecuted on Charles Riley & Associates on September 29, 2010. Service was also unexecuted on Charles Riley on February 15, 2011 (Doc. 24). On the service form for Charles Riley, the Warren, Michigan address is listed. The form is stamped "RETURN UNEXECUTED, NO RESPONSE RECEIVED SUMMONS HAS EXPIRED." (Doc. 24)

In the meantime, plaintiff actively litigated her case against Greenfield, filing several motions, including a motion to extend time to file a response to Greenfield's motion to dismiss. At no time did plaintiff inquire about the status of Charles Riley and Charles Riley & Associates.[2]

The record as a whole reflects inaction and idleness on the part of plaintiff. As an initial matter, plaintiff was put on notice in May 2010, before she filed her complaint, that the Warren, Michigan address for Charles Riley and Charles Riley & Associates was not good. However, knowing that mail sent to that address was returned to her as undeliverable, that is the only address plaintiff provided for service. By her account, plaintiff was further on notice in November 2010 that there was a lack of service. Yet,

---

[2]In the court of appeals, plaintiff asserted that she was not aware of a service issue until an "in chambers hearing" and that she assured the Court she would look into service issues. On November 17, 2010, the Court held its only status conference with the parties. This appears to be the "in chambers hearing" to which plaintiff referred. The Court's notes from the conference do not reflect any discussion of service on Charles Riley or Charles Riley & Associates. In any event, assuming plaintiff is correct that she was alerted to a problem with service during the conference, she took no action regarding service, either by making a request to the Court or contacting the U.S. Marshal regarding service. As noted above, it is plaintiff's obligation to provide accurate information for service.

6

plaintiff did nothing to remedy the lack of service by filing a motion or otherwise requesting alternative service. Plaintiff also did nothing when the summons expired on February 2011. The Court entered the dismissal order thereafter, in March of 2011.

Plaintiff's inaction cannot be attributed to a lack of knowledge of litigation proceedings. Indeed, on remand plaintiff submitted an affidavit[3] which details her efforts in trying to contact Charles Riley and Charles Riley & Associates and current attempts by searching the internet and State of Michigan records[4] to locate a correct address, finding only the Warren, Michigan address. Plaintiff also states that she has attempted to contact Charles Riley and Charles Riley & Associates at the only listed telephone number, which has failed. Plaintiff now concludes that there are no other active address for Charles Riley and Charles Riley & Associates. She now essentially requests alternative service, asking for "service by mail or posting in a publication." Plaintiff is likely correct that service cannot be had on Charles Riley and Charles Riley & Associates at any listed address. However, this is a fact plaintiff knew, or should have known long before they were dismissed. Nor does she explain why she waited until this point in the case to ask for alternative service.

It is important to note that plaintiff could have requested that the U.S. Marshal follow up and attempt personal service once the summonses were returned unexecuted. See Puett v. Blandford, 912 F.2d 270, 271-72 (9th Cir. 1990). Plaintiff's

---

[3]The affidavit is not notarized.

[4]Plaintiff submitted a print out from the State of Michigan's Department of Licensing and Regulatory Affairs website which indicates that the license for Charles Riley & Associates has lasped. The print out lists an expiration date of June 20, 2011. Thus, it seems in all likelihood that Charles Riley & Associates no longer exists.

silence and inaction do not constitute reasonable cooperation with the U.S. Marshal in order to ensure timely service and was a superceding cause for the failure of timely service. Based on the totality of the circumstances, plaintiff has failed to demonstrate good cause within the meaning of Rule 4(m). This finding is not due to the U.S. Marshal's unsuccessful service attempt, but rather to plaintiff's inaction.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was mailed to Melissa Owens 28044 Fortson Lane, Inkster, MI 48141 and the attorneys of record on this date, February 29, 2012, by electronic and/or ordinary mail.

          S/Julie Owens
          Case Manager, (313) 234-5160